UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATIBA MERIWEATHER,

        Petitioner,

v.

MARY BERGHUIS,

        Respondent.

_____/

Case No. 11-14367

HONORABLE LAWRENCE P. ZATKOFF

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT
PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS, DENYING
CERTIFICATE OF APPEALABILITY, AND DENYING AS MOOT MOTION
TO APPOINT COUNSEL AND MOTION FOR EVIDENTIARY HEARING**

      Petitioner Atiba Meriweather is a Michigan state prisoner currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, in the custody of Respondent Mary Berghuis.  In his application, filed *pro se*, Petitioner challenges his March 5, 2009 Wayne County jury convictions for four counts of Criminal Sexual Conduct, First Degree (CSC 1st), and one count of Criminal Sexual Conduct, Second Degree (CSC 2d).  The petition raises eight grounds for relief. Upon review of the petition, the Court concludes that several grounds have not been exhausted in state court and therefore dismisses the petition without prejudice to refiling after the Petitioner has exhausted his claims.  The Court also denies as moot Petitioner's motion to appoint counsel and motion for evidentiary hearing.

I.

      Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases.  If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition.

*Id. See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

## II.

Following a trial before a Wayne County jury, Petitioner was convicted of the above offenses. On March 20, 2009, he was sentenced to twenty-five to forty-five years imprisonment for each CSC 1st conviction and ten to fifteen years for the CSC 2d conviction.

Petitioner filed a timely appeal with the Michigan Court of Appeals, raising the following two claims through counsel:

   I.   Insufficient evidence to convict Petitioner of crime.

   II.  Petitioner's sentences constitute cruel and unusual punishment.

On July 13, 2010, Petitioner filed a supplemental *pro se* brief pursuant to Michigan Supreme Court Administrative Order 2004–06, Standard 4, which raised four additional issues:

   I.   Petitioner was denied his right to a public trial during jury voir dire.

   II.  The information lacked specificity.

   III. Petitioner was denied the effective assistance of trial counsel.

   IV.  Prosecutorial misconduct.

On October 27, 2010, Petitioner attempted to file a *pro per* motion to strike both the brief filed by his first appointed appellate counsel and his own Standard 4 brief. In the motion to strike, Petitioner argued that the claims raised by his first appointed appellate counsel were frivolous, and that his Standard 4 brief was filed without the benefits of transcripts and without the assistance of counsel. In the motion, Petitioner asked the Court of Appeals to allow him to amend his Standard

4 brief after he received the trial transcripts. The clerk of the court of appeals received the motion to strike on November 3, 2010, and returned it to the Petitioner without filing.[1]

On March 17, 2011, the Court of Appeals issued an unpublished, *per curiam,* order affirming the Petitioner's convictions and sentence. *People v. Meriweather*, No. 292133, 2011 WL 921646 (Mich. App. Mar. 17, 2011).

On March 30, 2011, Petitioner filed with the Michigan Court of Appeals a motion for reconsideration and motion to set aside order, a renewed motion for an evidentiary hearing, and renewed motion to strike appellate counsel's brief. In the motion for reconsideration, Petitioner presented several new issues to the Court of Appeals, which Petitioner asserted were set forth in an amended supplemental Standard 4 brief that Petitioner gave to his appellate attorney, but which his appellate attorney never filed with the court. The motion for reconsideration set forth the following additional issues:

   I. The introduction of testimony by Dr. Nazer violated Petitioner's Sixth Amendment right to a fair trial.

   II. The admission of hearsay evidence denied Petitioner's right to a fair trial.

   III. Petitioner was constructively denied the right to counsel because his counsel failed to subject the prosecution's case to any form of meaningful adversarial testing.

   IV. Ineffective assistance of appellate counsel.

Petitioner asserts that the Court of Appeals ordered the state to respond to this motion. The publicly available Court of Appeals docket does not reflect such an order. Instead, the docket states that the motion for reconsideration was returned by the Court of Appeals on April 14, 2011 and again on

---

[1] The publicly available Court of Appeals docket suggest that the motion was returned to Petitioner without filing because Petitioner was represented by appointed appellate counsel. *See* Mich. App. No. 292133; http://coa.courts.mi.gov/resources/asp/viewdocket.asp?casenumber=292133&inqtype=public&yr=0&yr=0&SubmitBtn=Search.

April 28, 2011. On May 18, 2011 the Court of Appeals denied a motion to supplement the motion for reconsideration and denied the motion for reconsideration.

Petitioner filed a *pro se* application for leave to appeal with the Michigan Supreme Court, along with a motion for peremptory reversal and a motion for bail. Petitioner's application for leave to appeal appears to have raised the same eight issues raised in the present habeas petition. On July 25, 2011, the Michigan Supreme Court denied leave to appeal and denied the motions for peremptory reversal and for bond pending appeal.

Petitioner filed his federal petition on October 4, 2011.

### III.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues, not merely issues arising under state law. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (*citing Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *Morse v. Trippett*, 37 Fed. Appx. 96, 103 (6th Cir. 2002). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. He acknowledges that he did not present his fifth through eighth habeas issues to the Michigan Court of Appeal in his initial appellate brief filed through counsel or in his initial Standard 4 brief filed *pro se*. Petitioner claims that he attempted to supplement these briefs both before the Court of Appeals denied his petition and in a motion for reconsideration after the Court of Appeals denied the appeal. A claim has not been fairly presented when it is presented for the first time in a procedural context which makes consideration on its merits unlikely. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). *See also Black v. Ashley*, No. 94-00155, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) ("The fair presentation requirement is not satisfied when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of its merits unlikely"). The Petitioner's presentation of new issues in a motion for reconsideration before the Court of Appeals was procedurally inappropriate, and highly unlikely to result in a review of his claim on the merits. *See People v. Smith*, No. 174367, 1997 WL 33343896, at * 2 (Mich. Ct. App. Oct. 31, 1997) (holding that a motion for rehearing or reconsideration ordinarily may not be used to raise new issues). Therefore, these claims are not properly exhausted. *See Paredes v. Johnson*, 230 F.3d 1359 (Table), 2000 WL 1206544, *1-2 (6th Cir. Aug.18, 2000) (issues raised for the first time in a motion for rehearing with the Michigan Court of Appeals are unexhausted for purposes of federal habeas review); *Boyd v. Rapelje*, No. 09-CV-10575, 2010 WL 374105, *2 (E.D. Mich. January 26, 2010) (same). The petition also states that Petitioner presented his last four claims for habeas relief in a *pro per* application for leave to appeal with the Michigan Supreme Court. Presentation of a claim to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement, however, because exhaustion requires presentation to both the Court of Appeals and the Supreme Court. *Warlick v. Romanowski*, 367 Fed. Appx. 634, 643 (6th Cir. 2010). Petitioner has thus failed

to properly exhaust four of his eight habeas claims in the state courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987) (finding that the basis for exhaustion doctrine is comity). For example, exhaustion may be excused if pursuit of a state court remedy would be futile, *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and pursue his unexhausted issues in the state appellate courts as necessary. Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court under Michigan Court Rule 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. Mich. Ct. R. 6.505-6.507, 6.508(B)-(C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509, 7.203, 7.302. Petitioner is required to appeal the denial of his

post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that raises in a post-conviction motion. *See, e.g., Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance, however, is available only in "limited circumstances," *id.* at 277, such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.*

The one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner. The one-year limitations period does not begin to run until the conclusion of direct appeal, or the expiration of time for seeking review. *See* 28 U.S.C. § 2244(D)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009) (finding that direct review becomes "final" for purposes of 28 U.S.C.§ 2244(d)(1)(A) when the availability of direct appeal to the state courts and the United States Supreme Court has come to an end). Petitioner's direct appeal concluded when the Michigan Supreme Court denied leave to appeal on July 25, 2011, and he has not filed a petition for certiorari review by the United States Supreme Court, so the one-year limitation period does not begin to run until the time for filing such a petition has expired. The one-year period will also be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002); *but see Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (statutory tolling only applies to applications for state post-conviction relief that are properly filed under state law). Given that the one-year limitations period has not begun running, Petitioner has sufficient time in which

7

to fully exhaust his issues in the state courts and return to federal court should he wish to do so.  A stay is unnecessary.

Petitioner has also not shown good cause for failing to exhaust his claims in the state courts before proceeding in federal court on habeas review.  Although he states that he did not present his last four habeas issues in his initial appeal because his initial appellate counsel was ineffective, he did not discover some issues until he reviewed his trial transcripts, and his motion to strike or supplement his briefs was denied by the court of appeals, he has not explained why he has not presented those claims to the state courts on collateral review.  His unexhausted claims concern matters of federal law which should be addressed to, and considered by, the state courts in the first instance.  Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d).  If this Court were to review the unexhausted claims, such action would deny the state courts the deference to which they are entitled.  The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he litigates those claims in this Court.  Otherwise, the Court is unable to apply the standard of habeas review found at 28 U.S.C. § 2254.

## IV.

For the reasons stated, the Court concludes that Petitioner has not exhausted his state court remedies as to four of his eight habeas claims.  Accordingly, the Court DISMISSES WITHOUT PREJUDICE the petition for a writ of habeas corpus.  Should Petitioner wish to delete the unexhausted claims and proceed only on the fully exhausted claims, he may move to re-open this case and amend his petition to proceed on the exhausted claims within 30 days of the filing date of this order.  The Court makes no determination as to the merits of his claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court DENIES a certificate of appealability. The Court also DENIES leave to proceed in forma pauperis on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Petitioner's motions for appointment of counsel and for an evidentiary hearing are DENIED AS MOOT.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: November 29, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 29, 2011.

s/Marie E. Verlinde
Case Manager, (810) 984-3290